UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LONDON-SIRE RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>JACQUELINE TOTOLOS<br><br>　　　　　　Defendant. | CIVIL ACTION No. 05-40016 FDS<br><br>The Hon. F. Dennis Saylor |

**NOTICE OF ENTRY OF DEFAULT JUDGMENT**

　　　　TO DEFENDANT Jacqueline Totolos:

　　　　PLEASE TAKE NOTICE that, on September 15, 2005, the Court entered the default judgment, including a permanent injunction, against Defendant Jacqueline Totolos. A copy of the Default Judgment And Permanent Injunction is attached hereto as Exhibit A.

LONDON-SIRE RECORDS, INC.;
CAPITOL RECORDS, INC.; ELEKTRA
ENTERTAINMENT GROUP INC.; BMG
MUSIC; SONY BMG MUSIC
ENTERTAINMENT; and UMG
RECORDINGS, INC.

By their attorneys,

DATED:  September 16, 2005

/s/ Jocelyn L. Heyman
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
Jocelyn L. Heyman (BBO No. 660240)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LONDON-SIRE RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JACQUELINE TOTOLOS,<br><br>Defendant. | CIVIL ACTION No. 05-40016 FDS<br><br>The Hon. F. Dennis Saylor |

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Defendant, Jacqueline Totolos ("Defendant"), having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of Plaintiffs and declaration in support thereof, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the ten sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand Five Hundred Dollars ($7,500.00).

2.   Defendant shall further pay Plaintiffs' costs of suit herein in the amount of One Hundred Seventy Dollars ($170.00).

3.   Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Get Over Yourself," on album "Popstars," by artist "Eden's Crush" (SR# 187-319);
- "Right Here Waiting," on album "Repeat Offender," by artist "Richard Marx" (SR# 103-712);
- "I Can't Make You Love Me," on album "Luck of the Draw," by artist "Bonnie Raitt" (SR# 133-193);
- "Hotel California," on album "Hotel California," by artist "Eagles" (SR# N38950);
- "What a Girl Wants," on album "Christina Aguilera," by artist "Christina Aguilera" (SR# 274-004);
- "How Forever Feels," on album "Everywhere We Go," by artist "Kenny Chesney" (SR# 263-302);
- "Private Emotion," on album "Ricky Martin," by artist "Ricky Martin" (SR# 278-159);
- "Talk Dirty to Me," on album "Look What the Cat Dragged In," by artist "Poison" (SR# 82-349);
- "One Mic," on album "Stillmatic," by artist "Nas" (SR# 305-698);
- "My Everything," on album "Revelation," by artist "98 Degrees" (SR# 270-025);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 9/15/05

By: _____
Hon. F. Dennis Saylor
United States District Judge